KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre William Armstrong, | No. CV 13-1264-PHX-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Brotherton, et al., | |
| Defendants. | |

Plaintiff Andre William Armstrong, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), and a Motion to Appoint Guardian Ad Litem (Doc. 5). The Court will dismiss the Complaint with leave to amend and appoint counsel.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names the following Defendants in the Complaint: Maricopa County Superior Court Judge Brotherton; Maricopa County Sheriff Joseph M. Arpaio; and Officers of the Court J.S. Jed. and O.E. Smith.

Plaintiff raises two claims for relief. In Count One, Plaintiff claims his Fifth and Fourteenth Amendment rights were violated when, on May 20, 2013, Defendant Brotherton ordered Defendants Jed and Smith to "jump on [Plaintiff] in the hallway . . . after [Plaintiff] informed the clerk that . . . [he] was having a medical problem." Plaintiff claims that he called 911 and the Defendants "jumped on [him] and dragged [him] into the court room." Plaintiff claims that he started crying and blacked out and that "they took [his] bond money." In Count Two, Plaintiff alleges the same facts and claims Defendants Jed and Smith used excessive force against him in violation of the Eighth Amendment. Plaintiff seeks injunctive relief and money damages.

The Maricopa County Superior Court docket indicates that on May 20, 2013, the Maricopa County Superior Court revoked Plaintiff's release conditions and remanded Plaintiff to the custody of the Maricopa County Sheriff's Office. On July 2, 2013, the Maricopa County Superior Court found Plaintiff criminally incompetent and incompetent to refuse treatment and committed Plaintiff to the Maricopa County Correctional Health Services Restoration Program.[1]

---

[1] *See* July 2, 2013 Minute Entry in *Arizona v. Armstrong*, Maricopa County Superior Court case #CR2010-102059-002 DT, http://www.courtminutes.maricopa.gov/docs/Criminal/072013/m5842816.pdf (last visited Jan. 29, 2014).

- 2 -

## IV. Failure to State a Claim

### A. Defendant Brotherton

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). In this case, Plaintiff's only allegation regarding Defendant Brotherton is that he directed Defendants Jed and Smith to bring Plaintiff back into the courtroom. These actions were performed within Defendant Brotherton's judicial capacity and Defendant Brotherton is therefore immune from suit.

### B. Defendant Arpaio

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff makes no allegations against Defendant Arpaio and therefore fails to state a claim against him.

### C. Defendants Jed and Smith

The Fourteenth Amendment Due Process clause, not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). "[T]he Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Id*. (quoting *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996).

The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their

underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). The due process clause does not protect a pretrial detainee form the use of all force, but only from the use of excessive force that amounts to punishment. *Id*. at 395.

In evaluating a due process claim alleging excessive force, the court should consider: (1) the need for the application of force, (2) the relationship between the need and the amount of force use; (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). Assuming all facts alleged by Plaintiff are true, Plaintiff's allegations fail to demonstrate that the use of force in this case was unreasonable. Plaintiff's release conditions were revoked, Plaintiff left the courtroom to call 911, and Defendants Jed and Smith were directed to bring Plaintiff back to the courtroom. Plaintiff alleges Defendants Jed and Smith "dragged" him back to the courtroom, he started crying, and then "blacked out." Plaintiff claims he suffered emotional distress and mental anguish, but alleges no physical injury.

Plaintiff's facts show that although Plaintiff may not have been attempting to "escape," Plaintiff did leave the courtroom after his release had been revoked and that Defendants Jed and Smith acted with what appears to be the minimum force necessary to return Plaintiff to the courtroom. Plaintiff does not allege that he suffered physical injury and it appears that Defendants Jed and Smith acted pursuant to instructions from the court

and with the purpose of restoring order. Plaintiff has therefore failed to state a claim against Defendants Jed and Smith and these Defendants will be dismissed.

### V.     Leave to Amend and Appointment of Counsel

As no Defendants now remain, the Court will dismiss the Complaint. Because Plaintiff's claims might be saved by the allegation of other facts, the Court will dismiss the Complaint without prejudice and with leave to amend.

### VI.    Motion to Appoint Guardian Ad Litem

On August 2, 2013, Plaintiff filed a Motion to Appoint Guardian Ad Litem (Doc. 5) in which he asks that the Court appoint a guardian ad litem for him in this case because he is mentally incompetent. Plaintiff's criminal court records support this assertion and indicate that he was formally adjudicated mentally incompetent. Consideration of whether to appoint a guardian ad litem is therefore warranted under Rule 17 of the Federal Rules of Civil Procedure.

Rule 17(c)(2) of the Federal Rule of Civil Procedure states that the Court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The Court will not appoint a guardian ad litem, but recognizes that Plaintiff's mental incompetence renders him unable to adequately protect his own interests or file an amended complaint. Accordingly, the Court will appoint counsel to represent Plaintiff in this action. Attorney Sara M. Athen has volunteered to accept Plaintiff's case and will be appointed as counsel for Plaintiff in this matter.

### VII.   Instruction to Appointed Counsel

The Court will direct the Clerk of Court to send to Attorney Sara M. Athen copies of Plaintiff's Complaint and this Order. Within 14 days of the filing date of this Order, Attorney Sara M. Athen must file a Notice of Appearance. Within 60 days of the filing date of this Order, Attorney Sara M. Athen must:

    (a)     meet and confer with Plaintiff,

    (b)     make a preliminary investigation of Plaintiff's claims, and

- 5 -

      (c)     either:

            (1)     file an amended complaint; or

            (2)     if she determines, pursuant to Federal Rule of Civil Procedure 11(b), that Plaintiff's claims are not warranted by existing law or that his factual contentions lack evidentiary support, file a notice explaining her findings and a motion to dismiss.

## VII. Instructions to Plaintiff

The Court has appointed Attorney Sara M. Athen to represent Plaintiff. Therefore, Attorney Sara M. Athen "shall be recognized by the Court and by all the parties to the cause as having control of [Plaintiff's] case, in all proper ways, and shall, as such attorney, sign all papers which are to be signed on behalf of the client." LRCiv 83.3(c)(2). Moreover, because Attorney Sara M. Athen is representing Plaintiff in this case, Plaintiff cannot "appear or act in [his] own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party." LRCiv 83.3(c)(2). This means that Attorney Sara M. Athen, not Plaintiff, shall file future documents in this case.

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.00.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim, with leave to amend.

(4)     Plaintiff's August 2, 2013 Motion to Appoint Guardian Ad Litem (Doc. 5) is **denied in part** to the extent that the Court will not appoint a guardian ad litem, and **granted in part** to the extent that the Court appoints counsel to represent Plaintiff in this action.

(5)     Attorney Sara M. Athen is appointed as counsel for Plaintiff in this action.

- 6 -

(6) The Clerk of Court **must send** to Attorney Sara M. Athen, **by certified mail**, copies of Plaintiff's Complaint (Doc. 1) and this Order, at the following address:

> Sara M. Athen
> Snell & Wilmer, LLP
> 400 E. Van Buren St.
> Phoenix, AZ 85004-2202.

(7) Within **14 days** of the filing date of this Order, Attorney Sara M. Athen must file a Notice of Appearance.

(8) Within **60 days** of the filing date of this Order, Attorney Sara M. Athen must:

   (a) meet and confer with Plaintiff,

   (b) make a preliminary investigation of Plaintiff's claims, and

   (c) either:

      (1) file an amended complaint; or

      (2) if counsel determines, pursuant to Federal Rule of Civil Procedure 11(b), that Plaintiff's claims are not warranted by existing law or that his factual contentions lack evidentiary support, file a notice explaining counsel's findings and a motion to dismiss.

Dated this 5th day of February, 2014.

_David G. Campbell_
United States District Judge